UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LIGGETT SR.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C3 AI, INC., et al.,<br><br>　　　　　Defendants. | Case No.  25-cv-07129-TLT<br><br>**ORDER DENYING SIDDIQUI MOTION TO APPOINT LEAD PLAINTIFF AND LEAD COUNSEL; GRANTING MOTTAHEDEH'S MOTION TO APPOINT LEAD PLAINTIFF AND LEAD COUNSEL**<br><br>Re: Dkt. No. 29, 36 |

In this federal securities case, both Usama Siddiqui and David Mottahedeh have filed separate and individual motions for appointment as lead plaintiff and lead counsel. Given that Mottahedeh has the largest financial interest in this litigation, and because Siddiqui does not rebut the presumption of Mottahedeh's typicality and adequacy, the Court appoints Mottahedeh as lead plaintiff. The Court defers to Mottahedeh's choice of counsel and selects Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel.

Pending before the Court are Usama Siddiqui's and David Mottahedeh's separate motions to appoint lead plaintiff and lead counsel in this PSLA case. ECF 29; ECF 36. In its discretion, the Court finds these matters suitable for decision without oral argument. N.D. Cal. L.R. 7-1(b).

Having considered the parties' briefs, the relevant legal authority, and for the reasons below, the Court **DENIES** Usama Siddiqui's motion to appoint lead plaintiff and lead counsel and **GRANTS** David Mottahedeh's motion to appoint lead plaintiff and lead counsel. The hearing set for March 3, 2026, is hereby **VACATED**.

**I.　BACKGROUND**

Defendant C3 AI, Inc. ("C3 AI") is an artificial intelligence application software company

1  that provides targeted AI applications for specific industry and government use cases. ECF 1
2  ("Compl.") ¶¶ 19–20. Between February 26, 2025 and July 24, 2025, Defendants C3 AI, Thomas
3  Siebel, and Hitesh Lath allegedly made materially false and misleading statements regarding
4  Defendant Siebel's health, and the state of C3 AI's growth, management, and profit. *Id*. ¶¶ 1–3;
5  21–28. On August 8, 2025, Defendants issued a press releases regarding preliminary financial
6  results for the first quarter of fiscal 2026. *Id*. ¶¶ 29–30. In one of the press releases, Defendant
7  Siebel stated that "[t]he bad news is that sales results in Q1 were completely unacceptable" and
8  attributed the bad news to two factors:

> One: It is clear that in the short term, the reorganization with new leadership had a disruptive effect. Two: As we have previously announced, I have had a number of health issues in the past six months . . . it is now apparent that my active participation in the sales process may have had a greater impact than I previously thought.

*Id*. ¶ 30. Subsequently, the price of C3 AI common stock declined. *Id*. ¶ 32. On August 8, 2025, C3 AI's stock price was $22.13 per share. *Id*. On August 11, 2025, the stock price was $16.47 per share. *Id*.

On August 22, 2025, Plaintiff John Liggett Sr. filed the instant class complaint alleging (1) violations of Section 10(b) and Rule 10(b)-5 promulgated thereunder by the SEC; (2) violations of Section 20(a) of the Exchange Act. *Id*. ¶¶ 51–66.

On October 21, 2025, Usama Siddiqui filed a motion to appoint Siddiqui as lead plaintiff and Pomerantz LLP and The Schall Law Firm as co-lead counsel. ECF 29. On October 28, 2025, David Mottahedeh filed a motion to appoint Mottahedeh as lead plaintiff and Robbins Geller as lead counsel. ECF 36. On November 4, 2025, Siddiqui filed a statement of non-opposition, stating that "Siddiqui does not have the 'largest financial interest' in this litigation within the meaning of the PSLRA." ECF 40.

## II.  LEGAL STANDARD

### A.  Selection of Lead Plaintiff

The Reform Act "instructs district courts to select as lead plaintiff the one 'most capable of adequately representing the interests of class members.'" *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(i)). "The Reform Act provides a simple

2

three-step process for identifying the lead plaintiff pursuant to these criteria." *Id*.

The first step is for the plaintiff in the first-filed action to "publiciz[e] the pendency of the action, the claims made and the purported class period" in "a widely circulated national business-oriented publication or wire service." *Id.* (quoting 15 U.S.C. § 78u-4(a)(3)(A)(i)). "The notice must also state that 'any member of the purported class may move the court to serve as lead plaintiff.'" *Id*. (quoting 15 U.S.C. § 78u-4(a)(3)(A)(i)(II)).

At step two, the Court "must consider the losses allegedly suffered by the various plaintiffs before selecting as the 'presumptively most adequate plaintiff'—and hence the presumptive lead plaintiff—the one who 'has the largest financial interest in the relief sought by the class' and 'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.'" *Id*. at 729–730 (quoting 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)).  At this step, the Court considers "potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical." *Id*. at 732.

At step three, other plaintiffs have "an opportunity to rebut the presumptive lead plaintiff's showing" by "present[ing] evidence that disputes the lead plaintiff's prima facie showing of typicality and adequacy." *Id*. at 730.

### B. Selection of Lead Counsel

After selection of the lead plaintiff, the lead plaintiff "shall, subject to the approval of the Court, select and retain counsel to represent the class." *Cohen v. United States District Court for Northern District of California et al.*, 586 F.3d 703, 709 (9th Cir. 2009) (quoting 15 U.S.C. § 78u–4(a)(3)(B)(v)).  "The statute expressly provides that lead plaintiff has the power to select lead counsel, suggesting that the identity of the party selecting lead counsel was of substantial importance to Congress." *Id*. "Nor does the statute, framed in mandatory language, designate any other actor as authorized to select lead counsel or suggest that the district court may appropriate this authority." *Id*.

## III. DISCUSSION

Both Usama Siddiqui and David Mottahedeh have filed motions for appointment of lead

plaintiff and lead counsel. *See* ECF 29; ECF 36.

Although Siddiqui has filed a statement of non-opposition, ECF 40, the Court exercises its independent obligation to identify and appoint the lead plaintiff and lead counsel. *See Sundaram v. Iovance Biotherapeutics, Inc.*, Nos. 25-cv-04177; 25-cv-04199, 2025 WL 3637616, at *3 (N.D. Cal. Dec. 15, 2025) ("[B]ecause the Court has an independent obligation to identify and appoint the most adequate lead plaintiff, the Court DENIES the stipulation and proceeds to evaluate the competing motions under the three-step process . . . .").

### A. The Court Selects David Mottahedeh as The Lead Plaintiff

Pursuant to the Reform Act, the Court considers (i) whether sufficient notice has been provided; (ii) whether Siddiqui or Mottahedeh is the presumptive lead plaintiff; and (iii) whether any plaintiff has "rebut the presumptive lead plaintiff's showing that it satisfies Rule 23' s typicality and adequacy requirements." *In re Cavanaugh*, 306 F.3d at 729–30.

#### i. Step One: Plaintiffs Have Provided Sufficient Notice

Here, a notice was published on *GlobeNewswire* on August 2, 2025, which is the same day that the complaint in this action was filed. *See* Compl.; ECF 29-4; ECF 36-2. The notice, therefore, "complied with the PSLRA's 20-day filing deadline." *Brownback v. Applovin Corp. et al.*, No. 25-cv-2772, 2025 WL 1810084, at *2 (N.D. Cal. June 30, 2025). Moreover, "*GlobeNewswire* is a 'widely circulated [inter]national business-oriented publication or wire service,' as required." *Id.* (quoting *Cavanaugh*, 306 F.3d at 729). The notice also properly included a description of the claims and proposed class period:

> To: All persons or entities who purchased or otherwise acquired securities of C3.ai, Inc. ("C3" or the "Company") (NYSE: AI) between February 26, 2025, to August 8, 2025, inclusive. You are hereby notified that the class action lawsuit John Liggett Sr. v. C3.ai, Inc., et al. (Case No. 3:25-cv07129) has been commenced in the United States District Court for the Northern District of California.
> . . . .
> According to the complaint, defendants provided overwhelmingly positive statements to investors while, at the same time, disseminating materially false and misleading statements and/or concealing material adverse facts concerning the true state of C3 AI's growth; notably, that its Chief Executive Officer health was having a significant impact on the Company's ability to close deals, that its management was unable or otherwise ineffectual in minimizing that impact, and that

4

1   C3 AI would not be able to execute upon its profit and growth potential as a result.

2   ECF 36-2 at 2–3. The notice stated, "[i]f you suffered a loss in AI securities, you have until

3   October 21, 2025 to request that the Court appoint you as lead plaintiff. Your ability to share in

4   any recovery doesn't require that you serve as a lead plaintiff." *Id.* at 3.

5   Accordingly, the Court finds that sufficient notice has been provided under step one. *See*

6   *Gonsalves v. Block, Inc. et al.*, No. 25-cv-642, 2025 WL 1274127, at *2 (N.D. Cal. Apr. 30, 2025)

7   ("[T]he Court confirms that the PSLRA's notice requirement was met . . . That notice contained

8   all required information, including a description of the claims made and the proposed class period.

9   . . The notice advised that any putative class member could seek appointment as lead plaintiff.").

10  The Court proceeds to step two.

   **ii.   Step Two: David Mottahedeh is The Presumptive Most Adequate Plaintiff**

12  Mottahedeh argues that he has a financial interest of $5,915,743.20 in this litigation. ECF

13  36-4 (estimate of losses); *see also* ECF 40 at 4 ("Mr. Mottahedeh suffered approximately $5.9

14  million in losses as a result of defendants' alleged misconduct."). Siddiqui concedes that he "does

15  not have the 'largest financial interest' in this litigation within the meaning of the PSLRA." ECF

16  40 at 2; *see also* ECF 29 at 11 ("Siddiqui incurred losses of approximately $631,557) (citing ECF

17  29-3).

18  The Court "must presume that a plaintiff is 'the most adequate plaintiff' if he . . . has the

19  largest financial interest in the relief sought by the class' . . . and meets certain other procedural

20  requirements." *In re Sonthalia*, No. 22-70044, 2022 WL 3445815, at *1 (9th Cir. Aug. 17, 2022).

21  "Once a movant has demonstrated that it has the largest financial interest, it need only make a

22  prima facie showing of its typicality and adequacy." *Trustees of the Welfare and Pension Funds*

23  *of Local 464A Pension Fund v. Enphase Energy, Inc., et al.*, No. 24-cv-9038, 2025 WL 2410521,

24  at *3 (N.D. Cal. Aug. 20, 2025).

25  Given that Mottahedeh has lost $ 5,915,743.20, the Court finds that Mottahedeh has the

26  largest financial interest pursuant to the PSLRA. *See Brownback*, 2025 WL 1810084, at *2 ("The

27  Pension Funds allege that they suffered losses of $1,827,307 based on their purchases of

28  AppLovin Corporation securities during the Class Period . . . The Pension Funds thus have the

1   largest financial interest as defined by the PSLRA."). Moreover, Mottahedeh has made a prima
2   facie showing of typicality because he purchased C3 AI stock during the class period and suffered
3   damages from Defendants' allegedly false and misleading statements. ECF 36 at 5. *See City of*
4   *Coral Springs Police Officers Pension Plain v. Apple, Inc. et al.*, No. 25-cv-6254, 2025 WL
5   3312659, at *3 (N.D. Cal. Nov. 28, 2025) ("NPS satisfies the typicality requirement because, just
6   like all other class members, it seeks recovery of losses on its investments in Apple securities that
7   it incurred as a result of Defendants' misrepresentations and omissions.") (internal quotations
8   omitted). A prima facie showing of adequacy is also met because Mottahedeh will vigorously
9   pursue the claims against Defendants and there is no evidence of antagonism between Mottahedeh
10  and the proposed class. *See Trustees of the Welfare and Pension Funds*, 2025 WL 2410521, at * 3
11  ("[I]t makes a sufficient *prima facie* case for adequacy by representing that 'its interest in
12  vigorously pursuing the claims against Defendants—given its substantial financial losses—are
13  aligned with the interests of the members of the class' and that '[t]here are no potential conflicts
14  between HANSAINVEST's interests and those of the other members of the class.'") (internal
15  quotations omitted).

16  Accordingly, at step two, David Mottahedeh is the presumptive most adequate plaintiff.
17  The Court proceeds to step three.

### iii.  Step Three: The Court Selects David Mottahedeh Because No Plaintiff Has Rebutted David Mottahedeh as the Presumptively Most Adequate Plaintiff

No plaintiff offers a rebuttal to Mottahedeh as the presumptive most adequate plaintiff. *See* ECF 40 at 2 (Siddiqui statement of non-opposition that "shall have no impact on Siddiqui's membership in the proposed Class or his right to share in any recovery obtained for the benefit of Class members.").

Because no plaintiff has rebutted Mottahedeh as the presumptive most adequate plaintiff, the Court selects Mottahedeh as the lead plaintiff in this action. *See In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021) ("If the presumption is not rebutted, the presumptively most adequate plaintiff must be selected as lead plaintiff.") (citing 15 U.S.C. § 78u-4(a)(3)(B)(i)).

    **B.**    **The Court to David Mottahedeh's Choice of Counsel and Selects Robbins Geller to Serve as Lead Counsel**

Having found David Mottahedeh to be the lead plaintiff in this action, the Court defers to Mottahedeh's choice of counsel, Robbins Geller. *See* ECF 36 at 6; *Cohen*, 586 F.3d at 709 ("[T]he PSLRA's mandate . . . clearly identifies the most adequate plaintiff as the actor that 'select[s] and retain[s]' class counsel. Although this power is subject to court approval and is therefore not absolute, it plainly belongs to the lead plaintiff.").

Accordingly, Robbins Geller is selected to be lead counsel in this action.

## IV.  CONCLUSION

For the reasons above, the Court **DENIES** Usama Siddiqui's motion to appoint lead plaintiff and lead counsel and **GRANTS** David Mottahedeh's motion to appoint lead plaintiff and lead counsel.

David Mottahedeh is selected as lead plaintiff; Robbins Geller Rudman & Dowd LLP is selected as lead counsel.

This Order resolves ECF 29 and ECF 36.

IT IS SO ORDERED.

Dated: January 7, 2026

_____
TRINA L. THOMPSON
United States District Judge