Harry A. Olivar, Jr. (SBN 143089)
**QUINN EMANUEL URQUHART &**
**SULLIVAN, LLP**
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
harryolivar@quinnemanuel.com

*Counsel for Defendants C3.ai, Inc.,*
*Thomas M. Siebel, and Hitesh Lath*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LIGGETT SR., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>C3.AI, INC., THOMAS M. SIEBEL, and HITESH LATH,<br><br>Defendants. | Case No. 3:25-cv-07129-TLT<br><br><u>CLASS ACTION</u><br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:         February 26, 2026<br>Time:         2:00 p.m.<br>Courtroom: 9, 19th Floor (videoconference)<br>Judge:       Hon. Trina L. Thompson |

Pursuant to Federal Rule of Civil Procedure 16, Civil Local Rules 16-9 and 16-10, the Standing Order for All Judges of the Northern District of California, and in advance of the Case Management Conference set by the Court for Thursday, February 26, 2026, at 2:00 p.m., Lead Plaintiff David S. Mottahedeh ("Plaintiff") and Defendants C3.ai, Inc. ("C3.ai"), Thomas M. Siebel, and Hitesh Lath (together, the "Defendants," and with Plaintiff, the "Parties") hereby submit this Joint Case Management Statement.

On January 7, 2026, the Court appointed Plaintiff as lead plaintiff in this action. ECF No. 56. On January 28, 2026, Plaintiff filed an Amended Complaint for Violations of the Federal Securities Laws (the "Complaint") (ECF No. 60), which Defendants intend to move to dismiss. Under the PSLRA, discovery is stayed pending the resolution of Defendants' anticipated motion(s) to dismiss. Accordingly, the Parties respectfully request that the April 7, 2026 deadline for the exchange of initial disclosures be vacated and reset after the Court's ruling on Defendants' motion to dismiss. As set forth below, Plaintiff respectfully requests that the Court vacate all subsequent deadlines following the July 16, 2026 Status Conference, which Defendants do not oppose.

I.   **JURISDICTION AND SERVICE**

Plaintiff asserts claims arising under Sections 10(b), 20(a), and 20A of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. §§ 78j(b), 78t(a), and 78t-1), and Rule 10b-5 promulgated thereunder by the United States Securities and Exchange Commission (17 C.F.R. § 240.10b-5). Plaintiff asserts, and Defendants do not dispute, that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act, 15 U.S.C § 78aa. There are no issues pending regarding personal jurisdiction, and Defendants have accepted service pursuant to the stipulation at ECF No. 11.

II.   **FACTS**

Plaintiff's Position:  The Complaint alleges that between February 18, 2025 and August 8, 2025, inclusive (the "Class Period"), Defendants violated the federal securities laws by knowingly or with reckless disregard making materially false and misleading statements and omitting material information regarding C3.ai CEO Tom Siebel's continued leadership, day-to-day management, and material participation in the Company's sales activities despite his contraction of an autoimmune

disease that had very recently caused significant illness and loss of his eyesight. Specifically, Plaintiff alleges that throughout the alleged Class Period, Defendants falsely assured investors that, notwithstanding Siebel's health scare, he maintained the ability to and did effectively lead the Company and participate in generating sales, thereby carrying out his critical role in leading the Company's sales operation and leveraging the relationships that funded the Company's growth. In addition, Plaintiff alleges that the Company falsely warned investors that "if" Siebel's illness were to diminish his ability to lead the Company, they "may" not be able to reach C3.ai's financial goals. ECF No. 60 ¶¶ 19, 47, 53-54, 59, 64, 66.

According to the Complaint allegations, the truth about the impact of Siebel's illness began to emerge on July 24, 2025, when C3.ai announced that, in light of Siebel's illness, it was initiating a search for a new CEO. *Id.* ¶ 68. The Complaint also alleges that the full truth was revealed to investors on August 8, 2025, when C3.ai reported its Q1 2026 results and Siebel disclosed that his health issues prevented him from actively participating in the sales process and that C3.ai's leadership reorganization had a disruptive effect on the Company's ability to generate revenue. *Id.* ¶ 75. Plaintiff alleges that these disclosures caused the price of C3.ai's common stock to fall, resulting in economic damages to Plaintiff and the putative class. *Id.* ¶¶ 72, 80.

<u>Defendants' Position</u>: Defendants deny these allegations and further deny, among other things, that they made any material misstatement or omission in violation of the federal securities laws; that they acted with scienter; that Plaintiff can demonstrate transaction or loss causation; that Plaintiff has adequately alleged a claim for insider trading; or that they are liable to Plaintiff or the purported class for any conduct alleged in the Complaint.

**III.    LEGAL ISSUES**

The principal legal issues at this stage of the case include:

- Whether Plaintiff has sufficiently alleged that Defendants made material misstatements or omissions;
- Whether Plaintiff has alleged sufficient facts to support a strong inference of scienter required under the PSLRA against each or any Defendant;
- Whether Plaintiff has adequately alleged loss causation;

- Whether Plaintiff has adequately alleged insider trading under Section 20A of the Exchange Act; and

- Whether Plaintiff has adequately alleged that any Defendant was a control person under Section 20(a) of the Exchange Act.

## IV. MOTIONS

After Plaintiff was appointed lead plaintiff by the Court (ECF No. 56), Plaintiff filed the Complaint on January 28, 2026 (ECF No. 60). Defendants intend to move to dismiss the Complaint by the Court-ordered deadline of April 28, 2026 (ECF No. 50 at 2).

To the extent any claims survive the anticipated motion(s) to dismiss, Plaintiff will move to certify a class pursuant to Federal Rule of Civil Procedure 23, and Defendants anticipate opposing any such motion. At this time, the Parties agree that it is premature to determine what other motions, if any, may be filed.

## V. AMENDMENT OF PLEADINGS

Plaintiff filed the Complaint on January 28, 2026. ECF No. 60. In accordance with the current Case Management and Scheduling Order governing this action, the deadline to amend pleadings is July 7, 2026. ECF No. 50.

Plaintiff does not currently intend to further amend the Complaint, however, if the Court issues an order granting Defendants' forthcoming motion to dismiss, Plaintiff expects to amend the Complaint as necessary to address any pleading deficiency the Court may identify. Should the Court issue an order denying Defendants' motion to dismiss and the action advances to the discovery phase, Plaintiff reserves the right to seek leave to amend to the extent necessary to conform to the evidence. Defendants reserve all rights to oppose any request to amend or motion for leave to amend the Complaint.

## VI. EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, are aware of their document preservation obligations, and have taken reasonable and proportionate steps to preserve evidence potentially relevant to the issues in this action.

If this action progresses to discovery, the Parties will meet and confer regarding a stipulated protocol governing the form of production of ESI and stipulate to a joint proposed ESI order within a reasonable amount of time upon the commencement of fact discovery.

## VII. DISCLOSURES

The Case Management and Scheduling Order governing this action provides that initial disclosures shall be made on or before April 7, 2026. ECF No. 50 at 2. That deadline is before the April 28, 2026 deadline for Defendants' motion to dismiss. *Id.* The current deadline thus conflicts with the PSLRA which provides for an automatic stay of discovery, including initial disclosures, until Defendants' motion(s) to dismiss are resolved. *See* 15 U.S.C. § 78u-4(b)(3)(B); *Medhekar v. Hockey*, 99 F.3d 325, 328-29 (9th Cir. 1996) (PSLRA discovery stay applies to initial disclosures); *In re Altera Corp Deriv. Litig.*, 2006 WL 2917578, at *1 (N.D. Cal. Oct. 11, 2006) ("In order to fulfill the purposes underlying the PSLRA, the discovery stay also applies to . . . initial disclosures.").

Given the automatic discovery stay mandated by the PSLRA, the Parties respectfully request that the Court vacate the April 7, 2026 date for initial disclosures and propose that the Parties address the timing of initial disclosures (if necessary) after this Court has decided Defendants' anticipated motion(s) to dismiss the Complaint.

## VIII. DISCOVERY

Because of the discovery stay automatically imposed by the PSLRA, no discovery has been conducted. *See* 15 U.S.C. § 78u-4(b)(3)(B).

## IX. CLASS ACTIONS

All counsel of record for the Parties have reviewed the Procedural Guidance for Class Action Settlements.

Plaintiff's Statement: Plaintiff seeks to have this action certified as a class action pursuant to Rule 23(a) and (b)(3) consisting of all persons or entities who purchased or acquired C3.ai common stock between February 18, 2025, and August 8, 2025, inclusive, and were damaged thereby.

Defendants' Statement: Defendants do not believe that this action is suitable for class treatment and will oppose any motion for class certification and/or move to deny class certification because Defendants believe that Plaintiff cannot satisfy the requirements of Rule 23.

## X. RELATED CASES

This action has been designated as related to the following three actions pursuant to Local Rule 3-12, which are shareholder derivative actions that concern substantially the same parties, property, transaction, or events as the present class action: (i) *Jaffee v. Siebel*, No. 25-cv-07334 (N.D. Cal.); (ii) *Steffens v. Siebel*, No. 25-cv-07669 (N.D. Cal.); and (iii) *Fernicola v. Siebel*, No. 25-cv-07750 (N.D. Cal.). ECF No. 15. The three shareholder derivative actions have been consolidated and stayed pending the outcome of the present class action. *In re C3.ai, Inc. Derivative Litigation*, No. 25-cv-07334-TLT (N.D. Cal.), ECF Nos. 20, 23.

## XI. RELIEF

Plaintiff's Statement: The Complaint seeks to assert claims under Sections 10(b), 20A, and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, and seeks: (1) an order declaring this action to be a proper class action pursuant to Rule 23; (2) damages, including prejudgment and post-judgment interest; (3) reasonable costs and expenses incurred in this action, including attorneys' fees; and (4) such other relief as the Court may deem just and proper. The calculation of damages in this complex securities fraud class action will be the subject of expert analysis.

Defendants' Statement: Defendants deny that Plaintiff is entitled to relief.

## XII. SETTLEMENT AND ADR

No settlement discussions have taken place, but the Parties are meeting and conferring to select a mediator to comply with the Court's February 26, 2026 deadline and to hold a private mediation in advance of the July 1, 2026 deadline (ECF No. 50 at 2).

## XIII. OTHER REFERENCES

The Parties do not believe this case is suitable for reference to binding arbitration or the Judicial Panel on Multidistrict Litigation. It is premature to know whether referral to a special

master is appropriate, but the Parties reserve the right to request any such referral under appropriate circumstances.

## XV. NARROWING OF ISSUES

If necessary after this Court issues its order on Defendants' forthcoming motion(s) to dismiss, the Parties will consider any issues that can be narrowed by agreement or by motion, as well as potential means to expedite the presentation of evidence at trial.

## XVI. EXPEDITED TRIAL PROCEDURE

The Parties agree that this case is not suitable for handling under the Expedited Trial Procedure of General Order No. 64.

## XVII. SCHEDULING

On November 21, 2025, prior to the January 7, 2026 order appointing lead plaintiff, the Court entered a Case Management and Scheduling Order governing this action. ECF No. 50. The deadlines set forth in the Case Management and Scheduling Order are below:

| Event | Deadline |
|---|---|
| Initial Disclosures Due | April 7, 2026 |
| Defendants' Motion to Dismiss Due | April 28, 2026 |
| Motion to Dismiss Hearing | June 23, 2026 |
| Last Day to Amend Pleadings | July 7, 2026 |
| ADR | Private ADR to be completed by July 1, 2026 |
| Status Conference | July 16, 2026 |
| Class Certification Motion Due | August 3, 2026 |
| Last Day to Hear Class Certification Motion | September 29, 2026 |
| Fact Discovery Cut-Off | November 3, 2026 |
| Expert Reports | Opening reports by November 17, 2026<br>Rebuttal reports by December 15, 2026 |
| Expert Discovery Cut-Off | February 9, 2027 |
| Dispositive Motions Due | February 23, 2027 |

| Last Day to Hear Dispositive Motions | April 13, 2027 |
| --- | --- |
| Joint Pretrial Statement | June 10, 2027 |
| Final Pretrial Conference | July 15, 2027 |
| Trial Date | August 30, 2027 (10-15 days) |

Plaintiff's Statement:  Because discovery is currently stayed pursuant to the PSLRA mandatory discovery stay, and because the current Case Management and Scheduling Order was negotiated and issued prior to the appointment of lead plaintiff or lead counsel, Plaintiff respectfully requests that the April 7, 2026 deadline for the exchange of initial disclosures, and all of the deadlines following the July 16, 2026 Status Conference, be vacated and a new schedule entered following the Court's ruling on Defendants' motion to dismiss, which will determine whether the action moves into the discovery phase of litigation.  Defendants do not oppose this request.

Defendants' Statement:  As set forth above (*see supra* Section VII), Defendants respectfully request that the April 7, 2026 deadline for initial disclosures be continued until after a ruling on Defendants' forthcoming motion(s) to dismiss.

**XVIII. TRIAL**

Plaintiff has requested a jury trial.  In the Case Management and Scheduling Order set a trial scheduled for ten to fifteen days (ECF No. 50), but the Parties believe that it is premature to discuss the expected length of trial.

**XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiff filed his Certification of Conflicts and Interested Entities or Persons required by Civil Local Rule 3-15 (ECF No. 64).  Plaintiff confirms pursuant to Civil Local Rule 3-15 that as of this date, there is no conflict of interest (other than the named parties) to report.

C3.ai filed its disclosure pursuant to Fed. R. Civ. P. 7.1 (ECF No. 39), and Defendants filed their Certification of Conflicts and Interested Entities or Persons required by Civil Local Rule 3-15 (ECF No. 44).  Defendants confirm pursuant to Civil Local Rule 3-15 that as of this date, there is no conflict or interest (other than the named parties) to report.

XX. **PROFESSIONAL CONDUCT**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

XXI. **OTHER ISSUES**

In light of the status of the action and Defendants' forthcoming motion(s) to dismiss, the Parties respectfully request that the Court continue the February 26, 2026 Case Management Conference until the forthcoming motion(s) to dismiss have been resolved.

DATED: February 19, 2026                                    Respectfully submitted,

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

*/s/ Harry A. Olivar, Jr.*
Harry A. Olivar, Jr. (SBN 143089)
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
harryolivar@quinnemanuel.com

Michael B. Carlinsky (*pro hac vice*)
Jesse Bernstein (*pro hac vice*)
Leigha Empson (*pro hac vice*)
Amy Shehan (*pro hac vice*)
295 Fifth Avenue
New York, NY 10016
Telephone: (212) 849-7034
michaelcarlinsky@quinnemanuel.com
jessebernstein@quinnemanuel.com
leighaempson@quinnemanuel.com
amyshehan@quinnemanuel.com

*Counsel for Defendants*

**ROBBINS GELLER RUDMAN & DOWD, LLP**

*/s/ Shawn A. Williams*
Shawn A. Williams
Hailey S. Zanutto
Shao-Jia Chang

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
shawnw@rgrdlaw.com
hzanutto@rgrdlaw.com
schang@rgrdlaw.com

*Counsel for Lead Plaintiff*

**Attestation Pursuant to Civil Local Rule 5-1(i)(3)**

Pursuant to Local Rule 5-1(i)(3), I hereby attest that all other signatories listed, and on whose behalf this filing is jointly submitted, concur in this filing's content and have authorized me to file this document.

Dated: February 19, 2026                                         */s/ Harry A. Olivar, Jr.*

                                                                                Harry A. Olivar, Jr.

**[PROPOSED] CASE MANAGEMENT ORDER**

IT IS HEREBY ORDERED that the February 26, 2026 Case Management Conference is vacated and will be reset by the Court following its ruling on Defendants' forthcoming motion(s) to dismiss. IT IS FURTHER ORDERED that the April 7, 2026 deadline for initial disclosures and the deadlines after July 16, 2026 are hereby vacated.

IT IS SO ORDERED.

Dated: _____, 2026                                _____
                                                                                HON. TRINA L. THOMPSON
                                                                                United States District Judge