**QUINN EMANUEL URQUHART**
**& SULLIVAN, LLP**
Harry A. Olivar, Jr. (Bar No. 143089)
harryolivar@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000

Michael B. Carlinsky (*pro hac vice*)
Jesse Bernstein (*pro hac vice*)
Leigha Empson (*pro hac vice*)
Amy Shehan (*pro hac vice*)
michaelcarlinsky@quinnemanuel.com
jessebernstein@quinnemanuel.com
leighaempson@quinnemanuel.com
amyshehan@quinnemanuel.com
295 Fifth Avenue
New York, NY 10016
Telephone: (212) 849-7000

*Attorneys for Defendants C3.ai, Inc.,*
*Thomas M. Siebel, and Hitesh Lath*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LIGGETT SR., individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>C3.AI, INC., THOMAS M. SIEBEL, and HITESH LATH,<br><br>Defendants. | Case No. 3:25-cv-7129-TLT<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS**<br><br>Date: June 23, 2026<br>Time: 2:00 p.m.<br>Location: Courtroom 9, 19th Floor<br>Before: Hon. Trina L. Thompson |

Defendants C3.ai, Inc. ("C3"), Thomas M. Siebel, and Hitesh Lath (collectively, "Defendants") respectfully request that the Court take judicial notice of Exhibits A through S attached to the Declaration of Harry A. Olivar, Jr., filed concurrently herewith, in support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 60, the "Complaint"). The Court should take judicial notice of and consider the contents of Exhibits A through S for the reasons described below. Each may properly be considered by the Court, and each provides the Court with important context to assess whether Plaintiff has adequately alleged securities fraud claims. *See, e.g.*, *In re Dermtech, Inc. Sec. Litig.*, 2024 WL 4941026, at *2 (S.D. Cal. Dec. 2, 2024) (taking judicial notice of an exhibit because it provides "appropriate context for assessing Plaintiff's allegations"); *Chi. & Vicinity Laborers' Dist. Council Pension Fund v. Amplitude, Inc.*, 2025 WL 82206, at *1 (N.D. Cal. Jan. 13, 2025) (judicial notice is appropriate "for the purpose of determining what information was available to the market").

In resolving a Rule 12(b)(6) motion to dismiss in a securities fraud action, "courts must consider the complaint in its entirety," including (1) "documents incorporated into the complaint by reference," and (2) "matters of which a court may take judicial notice." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018)); *see also Curry v. Yelp Inc.*, 875 F.3d 1219, 1224 (9th Cir. 2017). As detailed below, Exhibits A through S either have been incorporated by reference into Plaintiff's Complaint or are otherwise proper subjects of judicial notice under Federal Rule of Evidence 201. Consideration of these documents is appropriate on a motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (courts may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment"); *ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 119 F. Supp. 3d 1213, 1230 (C.D. Cal. 2015) (at motion to dismiss phase, "[t]he court is 'not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint' or proper subjects of judicial notice") (quoting *Steckman v. Hart Brewing Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998)). "The court … must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c).

***Documents Incorporated by Reference:*** The Court may consider the contents of Exhibits B, C, and D through K because each of these documents is incorporated by reference in the Complaint. The

Court may "consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (quotation marks omitted).

The Complaint relies on the contents of these exhibits, and Plaintiff references these documents extensively throughout the Complaint. Specifically, Plaintiff's claims rely on the Note from Tom published on C3's website (Ex. C) (¶¶ 16, 43-44),[1] an industry conference transcript (Ex. D) (¶ 52), an C3 earnings call transcript (Ex. E) (¶¶ 20-21, 58-60), an analyst report (Ex. H) (¶ 70), and certain SEC filings by C3 (Exs. B, F, G, I, J, and K) (¶¶ 5, 8, 11, 23, 26, 28, 53, 64, 68, 74-75, 81, 90, 92-93)—all of which Plaintiff alleges contain misrepresentations or omitted material information, or on which Plaintiff otherwise relies for his allegations. The above documents are relied on by Plaintiff in the Complaint and are central to Plaintiff's claims, and their authenticity is not in question. *See, e.g.*, *Ritchie*, 342 F.3d at 908 ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 2017 WL 3727318, at *9 (N.D. Cal. Aug. 30, 2017) (SEC filing referenced in the complaint may be considered on a motion to dismiss); *Norfolk Cnty. Ret. Sys. v. Solazyme, Inc.*, 2016 WL 7475555, at *1 n.1 (N.D. Cal. Dec. 29, 2016) (considering documents incorporated by reference in complaint); *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) ("[A] court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned.").

***SEC Filings:*** In addition to many of the SEC filings being incorporated by reference into the Complaint as described above (*supra* at 1-2), the Court may take judicial notice of the contents of Exhibits A, B, F, G, and I through S for the additional reason that these are documents filed with the SEC.

Courts routinely take judicial notice of Forms 10-K, 10-Q, and 8-K (Exs. A, B, F, G, I, J, K, and S) filed with the SEC and consider their contents on motions to dismiss. *See, e.g.*, *Yotta Techs. Inc. v. Evolve Bank & Tr.*, 2025 WL 4652300, at *3 (N.D. Cal. May 19, 2025) (Thompson, J.) ("Courts may take judicial

---

[1] References to "¶ _" are to the Complaint.

notice of public records, such as SEC filings."); *Norfolk*, 2016 WL 7475555, at *1 n.1 (taking judicial notice of SEC filings); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (judicial notice of SEC filings is "proper"); *In re Rackable Sys., Inc. Sec. Litig.*, 2010 WL 3447857, at *3 (N.D. Cal. Aug. 27, 2010) ("SEC filings may be judicially noticed."); *Yahoo!*, 2017 WL 3727318, at *10 ("SEC filings and documents on government websites are proper subjects of judicial notice.").

Courts also routinely take judicial notice of Forms 4 and Proxy Statements (Exs. L through R) filed with the SEC for the purpose of evaluating stock holdings in connection with scienter allegations and insider trading allegations. *See, e.g.*, *Hampton v. Aqua Metals, Inc.*, 2020 WL 6710096, at *4 (N.D. Cal. Nov. 16, 2020) (considering Forms 4 for the purpose of evaluating stock sales and scienter allegations even where Forms 4 are not explicitly cited in complaint); *Golub v. Gigamon Inc.*, 372 F. Supp. 3d 1033, 1043 (N.D. Cal. 2019) (taking judicial notice of proxy statement); *In re Solarcity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) (judicial notice of Form 4 and proxy statements for the purpose of evaluating stock holdings was proper because they "are relevant for the purpose of evaluating scienter").

**Earnings Call Transcript:** In addition to Exhibit E being incorporated by reference into the Complaint as described above (*supra* at 1-2), this earnings call transcript is independently a proper subject of judicial notice. *See Sneed v. AcelRx Pharm., Inc.*, 2022 WL 4544721, at *3 (N.D. Cal. Sep. 28, 2022) ("transcripts of earnings calls … are proper subjects of judicial notice"); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1058 (N.D. Cal. 2012) (similar); *In re Sentinelone, Inc. Sec. Litig.*, 2024 WL 3297150, at *3 (N.D. Cal. July 2, 2024) (similar); *Lamontagne v. Tesla, Inc.*, 2024 WL 4353010, at *3 (N.D. Cal. Sep. 30, 2024) (taking judicial notice of earnings call transcripts), *aff'd sub nom.*, *Oakland Cnty. Voluntary Emps. Beneficiary Ass'n v. Tesla Inc.*, 2025 WL 3459471 (9th Cir. Dec. 2, 2025).

**Industry Conference Transcript:** In addition to Exhibit D being incorporated by reference into the Complaint as described above (*supra* at 1-2), this transcript of the March 3, 2025 Citizens JMP Technology Conference is independently a proper subject of judicial notice. *See, e.g.*, *Bodri v. GoPro, Inc.*, 252 F. Supp. 3d 912, 921 (N.D. Cal. 2017) (taking judicial notice of transcripts of presentations at industry conferences).

**Analyst Report:** In addition to Exhibit H being incorporated by reference into the Complaint as described above (*supra* at 1-2), this analyst report is independently a proper subject of judicial notice.

Courts routinely take judicial notice of analyst reports to demonstrate the information available to the market. *See Rackable*, 2010 WL 3447857, at *3 (taking judicial notice of analyst reports); *In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011) ("[C]ourts routinely take judicial notice of analyst reports[.]"), *aff'd*, 729 F.3d 1104 (9th Cir. 2013); *Yaron v. Intersect ENT, Inc.*, 2020 WL 6750568, at *4 (N.D. Cal. June 19, 2020) ("Analyst reports are subject to judicial notice[.]").

For the foregoing reasons, Defendants respectfully request that their Request for Judicial Notice be granted and that the Court consider Exhibits A through S when ruling on Defendants' Motion to Dismiss.

***Exhibits Incorporated by Reference and/or Otherwise Subject to Judicial Notice***:

| Ex. | Document | Basis for Consideration |
|---|---|---|
| A | C3 June 18, 2024 FY24 Form 10-K | SEC Filing |
| B | C3 June 23, 2025 FY25 Form 10-K | Incorporated by reference (¶¶ 5, 8, 11, 23, 64); SEC Filing |
| C | February 18, 2025 Note from Tom | Incorporated by reference (¶¶ 16, 43-44) |
| D | March 3, 2025 Citizens JMP Technology Conference Transcript | Incorporated by reference (¶ 52); Industry Conference Transcript |
| E | C3 May 28, 2025 Q4 2025 Earnings Call Transcript | Incorporated by reference (¶¶ 20-21, 58-60); Earnings Call Transcript |
| F | C3 March 7, 2025 Q3 2025 Form 10-Q | Incorporated by reference (¶¶ 53, 64); SEC Filing |
| G | C3 July 24, 2025 Form 8-K | Incorporated by reference (¶¶ 26, 68, 90, 92); SEC Filing |
| H | July 24, 2025 Canaccord Genuity Analyst Report | Incorporated by reference (¶ 70); Analyst Report |
| I | C3 August 11, 2025 Form 8-K[2] | Incorporated by reference (¶¶ 28, 74-75, 93); SEC Filing |
| J | C3 May 28, 2025 Form 8-K | Incorporated by reference (¶ 56); SEC Filing |
| K | C3 September 3, 2025 Form 8-K | Incorporated by reference (¶ 81); SEC Filing |
| L | Mr. Siebel's May 5, 2025 Form 4 | SEC Filing |
| M | Mr. Siebel's June 3, 2025 Form 4 | SEC Filing |
| N | Mr. Siebel's May 15, 2025 Form 4 | SEC Filing |
| O | Mr. Siebel's June 12, 2025 Form 4 | SEC Filing |

---

[2] The Complaint refers to Exhibit I as the "August 8, 2025" Form 8-K. *E.g.*, ¶ 93. Although Exhibit I is a press release dated and issued by C3 on August 8, 2025, it was filed with the SEC on Form 8-K on August 11, 2025.

| P | Mr. Siebel's July 22, 2025 Form 4 | SEC Filing |
|---|---|---|
| Q | C3 August 22, 2024 Form 14A Proxy Statement | SEC Filing |
| R | C3 August 21, 2025 Form 14A Proxy Statement | SEC Filing |
| S | C3 December 10, 2024 Q2 2025 Form 10-Q | SEC Filing |

DATED: April 28, 2026

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

*/s/ Harry A. Olivar, Jr.*
Harry A. Olivar, Jr. (SBN 143089)
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
harryolivar@quinnemanuel.com

Michael B. Carlinsky (*pro hac vice*)
Jesse Bernstein (*pro hac vice*)
Leigha Empson (*pro hac vice*)
Amy Shehan (*pro hac vice*)
295 Fifth Avenue
New York, NY 10016
Telephone: (212) 849-7000
michaelcarlinsky@quinnemanuel.com
jessebernstein@quinnemanuel.com
leighaempson@quinnemanuel.com
amyshehan@quinnemanuel.com

*Counsel for Defendants*